### John Kerr, Conservator, Appellee, v. City of Danville, Appellant.

### (Not to be reported in full.)

Appeal from the Circuit Court of Vermilion county; the Hon. M. W. THOMPSON, Judge, presiding. Heard in this court at the April term, 1915. Affirmed. Opinion filed October 13, 1915.

### Statement of the Case.

Action by John Kerr, conservator of Martha E. Kerr, plaintiff, against the City of Danville, defendant, to recover for injuries sustained by Martha E. Kerr by reason of a defective sidewalk. From a judgment for plaintiff, defendant appeals.

H. A. SWALLOW, for appellant; R. R. BOOKWALTER, of counsel.

DUFFIN & DUFFIN and CHARLES TROUP, for appellee.

MR. JUSTICE THOMPSON delivered the opinion of the court.

### Abstract of the Decision.

1. MUNICIPAL CORPORATIONS, § 994*—*what care required to keep streets and sidewalks in condition.* A city can only be required to exercise reasonable care to keep its streets and sidewalks in a reasonably safe condition for the use of travelers, and is not an insurer against injuries by reason of defects therein.

2. INSTRUCTIONS, § 151*—*when properly refused.* A requested instruction covered by given instructions is properly refused.

3. MUNICIPAL CORPORATIONS, § 1107*—*when contributory negligence of pedestrian injured by defective sidewalk question for jury.* In an action by the conservator of an incompetent person to recover for personal injuries sustained by the ward catching her foot at the edge of a hole of considerable size in the sidewalk, on a dark night,

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

where it appeared that the hole had existed for more than a year, but there was evidence that the ward, who was accompanied by another person, knew nothing about such hole and had passed over the walk only once before the accident, *held* that it was a question for the jury whether the ward was guilty of contributory negligence.

## William Von Boeckmann, Appellee, v. Corn Products Refining Company, Appellant.

1. APPEAL AND ERROR, § 1238*—*when defendant estopped to claim error in hearing evidence on demurrer*. A defendant who makes a motion for leave to withdraw rejoinders to special pleas and for leave to refile demurrer to a replication, and to require plaintiff to make proof of matters contained in the replication, is estopped on appeal to claim any error in hearing evidence on the demurrer.

2. PLEADING—*when hearing of evidence on demurrer proper*. The hearing of evidence on a demurrer to replication to special pleas, *held* proper.

3. PLEADING, § 183*—*when special demurrer necessary*. Where special pleas confess that the plaintiff in a personal injury action has sustained injuries and seek to avoid liability by pleading new matter, a special demurrer is necessary to point out formal defects.

4. PLEADING, § 211*—*when demurrer not carried back to defective declaration*. A demurrer should be carried back to the first defective pleading, but a demurrer to a plea or replication cannot be carried back to a defective declaration when the plea of general issue has been filed.

5. APPEAL AND ERROR, § 198*—*when cause involving constitutional question transferred to Supreme Court*. Where, under the pleadings, in an action by an employee for personal injuries, it is necessary for the Appellate Court to pass upon the constitutionality of the Workmen's Compensation Act, the case will be transferred to the Supreme Court, as the Appellate Court has no jurisdiction of constitutional questions.

Appeal from the Circuit Court of Tazewell county; the Hon. JOHN M. NIEHAUS, Judge, presiding. Heard in this court at the April term, 1915. Transferred to Supreme Court. Opinion filed October 13, 1915.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.